DWIGHT, P. J., and BRADLEY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Application of EMMONS J. GARDNER, a Stockholder of THE WALKER TAILORING COMPANY, ETC., Respondent, to Set Aside Certain Judgments Obtained by JULIUS L. COHEN and Others, Appellants.

*Application of section 28 of chapter 687 of 1892 — the interest is a pecuniary one and not that of relationship — relief under section 48 of chapter 688 of 1892.*

Section 28 of chapter 687 of the Laws of 1892 gives relief only in cases where the action therein referred to is in the interest or for the benefit of the director of a corporation against which it is brought, but it is a pecuniary interest or benefit that the section contemplates, and not an interest arising out of relationship.

When relief can be granted under section 48 of chapter 688 of the Laws of 1892, prohibiting transfers by insolvent corporations.

APPEAL by Julius L. Cohen and others from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 20th day of October, 1894, vacating and setting aside certain judgments obtained by said appellants against The Walker Tailoring Company, and directing the sheriff to deliver to the receiver of such corporation the property seized and taken by him by authority of the executions issued upon such judgments.

*B. F. Duke*, for the appellants.

*Edward L. Jellinek*, for the respondent.

LEWIS, J. :

The Walker Tailoring Company was organized under the Business Corporation Law of New York as a domestic corporation, about the 1st day of May, 1894, for the purpose of doing a general tailoring business in the city of Buffalo. The capital stock was fixed at the sum of $15,000, divided into shares of the par value of fifty dollars each.

Mrs. Madge L. Walker had, prior to the time of the incorporating of the company, been engaged in the tailoring business in Buffalo, and had on hand a stock of goods. What its value was does not appear. She was insolvent and unable to pay her debts. The respondent, Emmons J. Gardner, and James L. Walker, the husband of Mrs. Walker, conceived and carried out the plan of organizing the corporation.

Gardner seems to have been the master spirit in the scheme. He was at the time about twenty-one years old, without means and entirely unacquainted with the business.

It is quite evident he was not acting in good faith in organizing the company. It was a scheme to make money for himself at the expense of any parties who might be induced to extend credit to the company. Ninety of the shares were issued to Gardner, for which he paid nothing at all. Seventy shares of paid-up stock were issued to Mrs. Walker, ostensibly as compensation for her stock of goods.

Ten shares were issued to a Mr. Fred Wuersmith, for which he paid their par value of fifty dollars a share. He seems to have acted in good faith. The concern started on in business. Gardner, Wuersmith and Mr. Walker were made directors. Gardner drew a weekly salary of twenty dollars from the business. He appears to have devoted his time during the brief existence of the corporation, not in doing anything for the business, but in efforts to trade off his stock with a view of realizing something for it. Mrs. Walker, at the time she transferred her stock to the corporation, was indebted to a firm in Buffalo, by the name of Cohen & Sinai, for goods which they had sold her.

About four months after the organization of the corporation,

Cohen & Sinai, by an arrangement with Mr. Walker, who was at the time president and also a director in the corporation, assigned to the corporation its claim against Mrs. Walker, amounting to between $1,600 and $1,700, and Walker, as president, gave to them four notes of the corporation, three of them for the sum of $400 each, and the other for the sum of $431.38, and at the same time Walker, as president, gave three other notes of the company to other creditors of the corporation; one for the sum of $187.25; another for $283.69, and a third for $245.36.

The holders of these notes at once brought actions against the corporation in the Municipal Court of Buffalo, serving the papers upon Mr. Walker, and in six days thereafter they obtained judgments for their various claims, filed transcripts and issued executions to the sheriff, and he, by virtue thereof, seized the property of the corporation and advertised it for sale. The purpose of dividing the claim of Cohen & Sinai into four different notes was obviously so that they could be sued in the Municipal Court; the maximum sum for which that court could render judgment was $500, and judgments could be obtained in six days after service of summons.

Mr. Gardner, as a stockholder of the corporation, after learning of the recovery of the judgments, moved the court for an order setting them aside, and the order appealed from was granted. The motion was founded on section 28 of chapter 687 of the Laws of 1892, which is as follows: "Stay of proceedings in actions collusively brought. If an action is brought against a corporation by the procurement or default of its directors, or any of them, to enforce any claim or obligation declared void by law, or to which the corporation has a valid defense, and such action is in the interest or for the benefit of any director, and the corporation has, by his connivance, made default in such action or consented to the validity of such claim or obligation, any member of the corporation may apply to the Supreme Court, upon affidavit setting forth the facts, for a stay of proceedings in such action, and on proof of the facts in such further manner and upon such notice as the court may direct, it may stay such proceedings or set aside and vacate the same or grant such other relief as may seem proper and which will not injuriously affect an innocent party who, without notice of such wrongdoing, and for a valuable consideration, has acquired rights under

such proceedings." It will be observed that the section provides for relief, only in case " such action is in the interest, or for the benefit of any director." There was an entire absence of any evidence that any of these actions were in the interest, or for the benefit of Mr. Walker. He had not the slightest interest in the corporation. He was, it is true, the husband of a person who held stock in the company, but it is a pecuniary interest or benefit that the section contemplates, and not an interest arising, as in this case, out of relationship.

It is stated in Gardner's affidavit that these actions were prosecuted for the benefit of Mr. Walker, but there is an absence of any statements of facts or evidence to sustain the allegation, and, hence, it proves nothing. It is alleged in Walker's affidavit, used in opposition to the motion, that he had no interest of any kind in the actions.

We do not see how the motion could be granted under the section of the statute quoted.

Can it be sustained under section 48 of chapter 688 of the Laws of 1892? That section prohibits any insolvent corporation, among other things, from making a conveyance or assignment or transfer of any property, or suffering a judgment to be obtained when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation.

It may be doubted if the notes given to Cohen & Sinai had any validity as against the corporation, for want of consideration. But the validity of the notes given to the other creditors is not questioned; it is claimed that the debts for which they were given were not, at the time, due.

It did not appear from Gardner's affidavit, upon which the motion was based, that the corporation had, at the time, any other creditors than those mentioned, to whom these several notes were given, but it did appear from the affidavit of Mr. Walker, read in opposition to the motion, that there were other creditors having claims against the corporation; and it further appeared that the corporation was insolvent at the time the notes were given. Before the motion was made a receiver had been appointed for the corporation. Gardner

was a director and a stockholder in the corporation at the time he made his motion, but considering the manner of obtaining his stock, he not having paid anything for it, and considering his purpose in organizing the company, he was not entitled to much consideration.

It was made to appear pretty conclusively that the judgments were suffered to be recovered, and that the purpose of recovering them was to give the judgment creditors preference over other creditors of the corporation, and that they had seized the property of the corporation under their executions.

It is provided by section 48 that every person receiving by means of any such prohibited act or deed any property of a corporation shall be bound to account therefor to its creditors or stockholders or other trustees. It may be doubted whether the levying upon the property of the corporation by virtue of these executions was receiving the property of the corporation by means of any act prohibited by this section. This motion was not in behalf of any creditor of the corporation; so far as was made to appear they were content with the situation and did not care to have the judgments vacated.

This is not a proceeding to compel the judgment creditors to account for property which they had received; it was instituted under section 28 of chapter 687 of the Laws of 1892 above quoted, and, as suggested, the respondent having failed to show that the actions were in the interest or for the benefit of a director of the corporation, he was not entitled to the order appealed from; it should be reversed with ten dollars costs and disbursements.

DWIGHT, P. J., and BRADLEY, J., concurred.

Order appealed from reversed with ten dollars costs and disbursements.